

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00033-CR
_____


DANNY STURTZ, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 10-0244X


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

The testimony at Danny Sturtz's jury trial on two counts of aggravated assault with a deadly weapon told varying versions of an altercation that happened March 21, 2010, in Karnack, involving Sturtz, Peggy Davis, and Joshua Davis, Peggy's son.[1]   Ultimately, the jury believed one version and found Sturtz guilty of shooting Peggy with a firearm and threatening Joshua with a firearm.   The jury also found Sturtz not guilty of causing bodily injury to Peggy by cutting her with a machete.

On appeal, Sturtz's attorney has filed a brief which discusses the record and reviews the proceedings in detail.   Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced.   This meets the requirements of the law.   *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief and a letter to Sturtz May 12, 2011, informing Sturtz of his right to file a pro se response and of his right to review the record.   No response has been filed. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]The jury had to choose between diametrically different stories about how Sturtz's former girlfriend Peggy—a convicted felon and drug user—was shot and her hand was injured.   According to her, after Sturtz and Peggy had exchanged words, after she had broken into his house to sleep, he chased her down, hit her with a machete, and shot her while she was trying to get away, also chasing her son away by pointing a pistol at him.   According to Sturtz, he woke up with Peggy asleep beside him and her sixteen-year-old son asleep in the next room, found a gun next to Peggy's son and took it, and both Peggy and Joshua then began threatening and attacking Sturtz—behavior which he testified she had engaged in several times in the past.   Joshua and Peggy both testified, with fairly widely varying descriptions of the events of the morning.   Sturtz admits shooting her, but claims self-defense.   Sturtz had a single prior misdemeanor for possession of marihuana and DWI.

2

We have determined that this appeal is wholly frivolous. The jury could have believed any of the versions of events. We have independently reviewed the clerk's record and the reporter's record, and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (U.S. 2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[2]

> Josh R. Morriss, III
> Chief Justice

Date Submitted:     July 26, 2011
Date Decided:       August 3, 2011

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. Should a petition for discretionary review be filed after September 1, 2011, it should be filed directly with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.